UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN LABORERS' HEALTH CARE FUND, TRUSTEES OF; MICHIGAN LABORERS' PENSION FUND, TRUSTEES OF; MICHIGAN LABORERS' VACATION FUND, TRUSTEES OF; MICHIGAN LABORERS' TRAINING AND APPRENTICESHIP FUND, TRUSTEES OF; MICHIGAN LABORERS' ANNUITY FUND, TRUSTEES OF; MICHIGAN LABORERS' EMPLOYERS' COOPERATION AND EDUCATION TRUST FUND, TRUSTEES OF; and MICHIGAN LABORERS' DISTRICT COUNCIL OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO,

Case No.

Hon.

Plaintiffs,

v.

A&G CONSTRUCTION LLC, a Michigan limited liability corporation,

Defendant.

## COMPLAINT

1. This is an action brought by trustees of jointly-administered, multi-employer benefit funds under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132 and 1145 *et. seq.*, and Section

301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. §185(a), to, *inter alia*, collect delinquent benefit contributions, interest, liquidated damages and late payment assessments from Defendant A&G.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, and Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Section 502 of ERISA, 29 U.S.C. §1132.

3. Venue is proper pursuant to 28 U.S.C. §1391(b) and ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

## PARTIES

4. Plaintiffs are trustees and fiduciaries of the Michigan Laborers' Health Care Fund, Michigan Laborers' Pension Fund, Michigan Laborers' Vacation Fund, Michigan Laborers' Training and Apprenticeship Fund, Michigan Laborers' Annuity Fund and the Michigan Laborers' Employers' Cooperation and Education Trust Fund (Funds), which are jointly-administered, multi-employer benefit funds. The Funds maintain their principal office and place of business in Lansing, Michigan. The Funds receive benefit contributions from various employers pursuant to the terms of collective bargaining agreements (CBA or CBAs).

5. Plaintiff Michigan Laborers' District Council of the Laborers'

International Union of North America, AFL-CIO ("MLDC") is a labor organization that enters into CBAs with employers, including CBAs that require employers to remit benefit contributions to the Funds.

6. Defendant A&G Construction LLC (A&G) is a Michigan limited liability corporation with a registered office address of 20351 Peaceful Valley Road, Battle Creek, Michigan 49017. A&G is an employer within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Section 3(5) of ERISA, 29 U.S.C. §1002(5).

## DEFENDANT CONTRIBUTION OBLIGATIONS

7. A&G is bound to the 2013 through 2023 CBA with the Michigan Laborers' District Council. (Ex. 1).

8. The CBA sets forth the wages, hours and other terms and conditions of employment for A&G's bargaining unit employees (BUEs).

9. The CBA requires A&G to make benefit contributions to the Funds on behalf of the appropriate BUEs. A&G is required to remit benefit contributions at the hourly rate established for each Fund, and for all hours of work subject to the CBA, performed by its employees.

10. Pursuant to the terms of the CBA and related Trust Agreements and Amendments, and the Laborers' Collection Policy (Exs. 2 and 3), A&G must show

the hours worked by its BUEs for the work month and the benefit contributions owed to the Funds based on those hours. The benefit contributions shown due in the Contribution Report Form (CRF) are due by the 15th day of the following month.

11. A&G must also promptly furnish to the Funds all records containing the classifications of its workers, the names and social security numbers of its workers, the amount of wages paid to and hours worked by its workers, location of work, and any other payroll records and information which may be required in connection with the administration of the Funds and to ensure that the appropriate benefit contributions and other amounts are recorded and collected.

## DEFENDANT'S VIOLATIONS OF ERISA AND THE CBA

12. For the period from May 2016 through January 2019, A&G employed BUEs who were covered by the terms of the CBA.

13. Pursuant to the CBA and Laborers' Collection Policy, the Funds audited A&G to determine contribution amounts owed from May 2016 through January 2019.

14. As a result of work performed by its BUEs from May 2016 through January 2019, A&G owes $31,667.71 for unpaid benefit contributions and assessments, interest, and costs to the Funds (Ex. 4, May 8 and June 5, 2019

Demand Letters).

## COUNT I

## VIOLATION OF ERISA FOR FAILURE TO MAKE FRINGE BENEFIT CONTRIBUTIONS

15. Plaintiffs incorporate the allegations of preceding paragraphs by reference.

16. Section 515 of ERISA provides:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

17. Section 502 of ERISA provides a federal forum for enforcement of the various duties imposed by ERISA. Section 502 expressly authorizes the recovery of unpaid benefit contributions, interest, double interest or liquidated damages and attorney's fees and costs. Also, a suit may be brought to enjoin any act which violates ERISA and to obtain other appropriate legal and equitable relief to redress violations of ERISA and enforce the terms of the plan.

18. A&G's failure to make contractually-required fringe benefit contributions violates ERISA. 29 U.S.C. §§1132 and 1145.

5

19. The Funds are entitled to all remedies under ERISA, including a judgment for unpaid benefit contributions, interest, double interest or liquidated damages, attorney's fees and costs and other legal and equitable relief.

WHEREFORE, Plaintiffs request that this Court enter a judgment and order against Defendant as follows:

A. Awarding Plaintiffs $31,667.71 in unpaid benefit contributions, interest, assessments, and audit costs found due in the audit;

B. Awarding attorney's fees and costs to Plaintiffs in connection with bringing and prosecuting this action; and

C. Granting Plaintiffs all additional and/or other relief (including injunctive and equitable relief) which the Court deems just and proper.

## COUNT II

**BREACH OF THE CBA FOR FAILURE TO MAKE FRINGE BENEFIT CONTRIBUTIONS**

20. Plaintiffs incorporate the allegations set forth in preceding paragraphs by reference.

21. Section 301(a) of the LMRA provides a federal forum to enforce labor contracts, which include the contractual promises to submit to audits and to make

benefit contributions.

22. A&G has breached the CBA and related Trust Agreements and Trust Amendments and the Laborers' Collection Policy (Exs. 2 and 3) incorporated into the CBA by failing to pay benefit contributions and other amounts owed to the Funds, the third-party beneficiaries of the CBA.

23. As a third party beneficiary to the CBA, the Funds are entitled to recover unpaid benefit contributions, interest, double interest or liquidated damages, and attorneys fees and costs.

WHEREFORE, Plaintiffs request that this Court enter a judgment and order against Defendant as follows:

    A. Awarding Plaintiffs $31,667.71 in unpaid benefit contributions, interest, assessments, and audit costs found due in the audit;

    B. Awarding attorney's fees and costs to Plaintiffs in connection with bringing and prosecuting this action; and

    C. Granting Plaintiffs all additional and/or other relief (including injunctive and equitable relief) which the Court deems just and proper.

                                        */s/Christopher P. Legghio*
Christopher P. Legghio (P27378)
Lauren E. Crummel (P73333)
Megan B. Boelstler (P79125)
Attorneys for Plaintiffs
306 South Washington Avenue, Suite 600
Royal Oak, Michigan 48067-3837
248.398.5900
cpl@legghioisrael.com
crummel@legghioisrael.com
mbb@legghioisrael.com

Attorneys for Plaintiffs

September 3, 2019